JS-6

Superior Court
case no. KC061236J

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 11-5902-RGK (PLAx)** | Date | August 26, 2011 |
|---|---|---|---|
| Title | *CANO v. WACHOVIA MORTGAGE CORP., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On July 18, 2011, Defendant Wachovia Mortgage ("Wachovia") removed this action from the Los Angeles County Superior Court to the United States District Court, Central District of California on the basis of diversity of citizenship and federal question.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Wachovia states that, although Defendants Mirage Escrow and LSI Title Company are California citizens, those defendants are fraudulently joined, and should not be considered for purposes of determining diversity jurisdiction. However, based on the face of the Complaint, it is not clear that Mirage and LSI were fraudulent joined. Nor has Wachovia met its burden of establishing fraudulent joinder. Therefore, the Court finds that the presence in this action of Mirage and LSI, who are undisputedly California citizens, defeats diversity jurisdiction.

As to Wachovia's assertion that a federal question exists, the Court disagrees. All fifteen claims alleged by Plaintiff are state statutory or common law claims. While Plaintiff refers to the Truth in Lending Act ("TILA") in his thirteenth claim for predatory lending under § 17200, Plaintiff's ability to prevail on this claim is not dependent on showing a violation of TILA. Therefore, none of Plaintiff's claim invoke federal law, and the Court finds no federal question in this action.

      For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

      **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |